IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00677-PAB-MJW

ALLEN NELSON,

      Plaintiff,

v.

NATIONAL ACTION FINANCIAL SERVICES, INC., a Georgia corporation, and CAVALRY PORTFOLIO SERVICES, LLC, a Delaware limited liability company,

      Defendants.

---

**DEFENDANT CAVALRY PORTFOLIO SERVICES, LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(6) OR, IN THE ALTERNATIVE, FED.R.CIV.P 12(b)(1)**

---

      COMES NOW the Defendant, Cavalry Portfolio Services, LLC, (the "Defendant" or "CPS") by and through its counsel, Adam L. Plotkin, P.C., and in support of its Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed.R.Civ.P.12(b)(6), or, in the Alternative, Fed.R.Civ.P. 12(b)(1) (this "Motion"), states as follows:

**INTRODUCTION**

      Plaintiff filed his original Complaint on March 26, 2009. Plaintiff's original Complaint named one Defendant, National Action Financial Services, Inc., ("NAFS"), and consisted of six (6) pages and thirty-seven (37) allegations. See, Plaintiff's Complaint and Jury Demand, Docket No. 1.

      On July 10, 2009, Defendant NAFS served Plaintiff with an offer of judgment pursuant to Fed.R.Civ.P. 68 (the "Offer of Judgment") in the amount of $1,501.00 plus reasonable attorney's fees and costs incurred through the date of the Offer of Judgment.

See, **Exhibit A**. Defendant NAFS' Offer of Judgment explicitly states that it is in satisfaction of all claims made by Plaintiff against NAFS. Id., ¶ 3. Four days later, on July 14, 2009, Plaintiff filed his First Amended Complaint and Jury Demand (hereafter "Amended Complaint"). See, Docket No. 20. Plaintiff's Amended Complaint adds Cavalry Portfolio Services, ("CPS") as a defendant, but does not state a specific cause of action as to CPS. Id. After adding CPS as a defendant, on July 21, 2009, Plaintiff accepted Defendant NAFS' Offer of Judgment. See, Docket Entry No. 22.

Despite having accepted judgment in full satisfaction of the very same claims that were asserted against Defendant NAFS, Plaintiff seeks to continue this matter as against CPS. While Plaintiff's Amended Complaint ballooned into two hundred and sixteen (216) allegations from those alleged in the original Complaint, only twelve (12) allegations even refer to CPS. In fact, Plaintiff has not even pleaded a separate cause of action or request for relief against CPS. Plaintiff's sole theory of liability as to CPS appears to be that CPS simply transferred Plaintiff's underlying collection account to NAFS for collection. See, Plaintiff's Amended Complaint, ¶ 29. In other words, Plaintiff now seeks to recover from CPS for the very same conduct alleged in the original complaint (and to which Plaintiff accepted judgment in full satisfaction of those claims) with the sole basis of liability being that CPS transferred Plaintiff's account to NAFS for collection.

By continuing to prosecute this case against CPS, Plaintiff is essentially seeking a double recovery for the very same conduct that was alleged in the original Complaint, and to which Plaintiff accepted judgment in full satisfaction thereof. Plaintiff has already been made whole for any alleged violations by accepting the full amount that he may

recover in this case by accepting the Offer of Judgment. It is a fundamental legal principle that a plaintiff cannot recover twice for the same alleged injuries. By continuing to prosecute this case, Plaintiff is seeking not only a double recovery for the same alleged injuries, but also for the same conduct giving rise to those alleged injuries.

While Plaintiff fails to state any distinct legal theory by which CPS would be held liable for the conduct of Defendant NAFS, construing the Amended Complaint in the light most favorable to Plaintiff, Plaintiff's only arguable claim against CPS would be a vicarious liability claim. Under this theory, Plaintiff cannot seek a second recovery from a principle when the claims against the agent have been resolved.

In addition, as Plaintiff has already recovered more than the maximum amount of damages allowable under the FDCPA, Plaintiff's claims are moot and there is no case or controversy at issue between the parties. Therefore, pursuant to Fed.R.Civ.P. 12(b)(1), this Court lacks subject matter jurisdiction and Plaintiff's Amended Complaint must be dismissed.

Accordingly, as outlined below, Plaintiff's Amended Complaint against CPS must be dismissed pursuant to Fed.R.Civ.P 12(b)(6) as it fails to state a claim against CPS. Alternatively, Plaintiff's Amended Complaint should be dismissed for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P 12(b)(1).

## II. ARGUMENT

### A. Standards for a Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6).

In reviewing a motion to dismiss, the Court "must accept all the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff." David v. City and County of Denver, 101 F.3d 1344, 1352 (10th Cir. 1996)

(quoting Gagan v. Norton, 35 F.3d 1473, 1474 n. 1 (10th Cir. 1994)). A complaint may be dismissed pursuant to Fed.R.Civ.P 12(b)(6) only 'if the plaintiff can prove no set of facts to support a claim for relief." David, 101 F.3d at 1352 (quoting Jojola v. Chavez, 54 F.3d 488, 490 (10th Cir. 1995)). A complaint must be dismissed if, accepting the allegations as true, it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988).

### B. Plaintiff Cannot Recover Twice for the Same Alleged Injuries and Conduct.

It is a fundamental legal principle that a plaintiff may not recover twice for the same injury. See, Hardeman v. City of Albuquerque, 377 F.3d 1106, 1117-1118 (10th Cir. 2004); Clappier v. Flynn, 605 F.2d 519, 529 (10th Cir. 1979). An injured party is entitled to one satisfaction for each injury. See, Hess Oil Virgin Islands Corp. v. UOP, Inc., 861 F.2d 1197, 1208 (10th Cir. 1988)("when a plaintiff receives an amount from a settling party, it is generally credited against the amount recovered by the plaintiff from a non-settling defendant, provided both the settlement and the judgment represent common damages.")(citing U.S. Industries, Inc. v. Touche Ross & Co., 854 F.2d 1223, 1236 (10th Cir. 1988)); *The Restatement (Second) of Torts* § 885(3) and *comments* e & f (1979). As stated in comments to the Restatement (Second) of Torts:

> Payments made by one of the tortfeasors on account of the tort either before or after judgment, diminish the claim of an injured person against all others responsible for the same harm. This is true although it was agreed between the payor and the injured person that the payment was to have no effect upon the claims against the other. **If the payment is made as full satisfaction for a specified item of damage, the claim against the others is terminated with respect to that item.**

Id., cmt. e (emphasis added).

The FDCPA provides that a debt collector may be liable "in the case of any action by an individual, [for] such additional damages as the court may allow, but not exceeding $1,000.00...." 15 U.S.C. §1692k(a)(2)(A). In accepting the Offer of Judgment for $1,501.00, Plaintiff has already exceeded the maximum statutory amount allowable for any alleged injuries and has been made whole because the Offer of Judgment explicitly states that the Offer of Judgment "…is to be in total settlement of **any and all claims** by Plaintiff Allen Nelson…" See, **Exhibit A**, ¶ 3 (emphasis added).

While the Offer of Judgment was made only as to NAFS (as Plaintiff had not moved to amend the Complaint at that point), the Offer was clearly made as to all claims asserted in the original Complaint. Importantly, Plaintiff does not assert a single claim against CPS in the Amended Complaint that is distinct from that which was asserted against NAFS in the original Complaint, and the only allegation as to CPS' involvement in this case is that it transferred the collection account to NAFS for collection. See, Plaintiff's Amended Compaint, ¶ 29. Plaintiff does not seek a separate claim for relief against CPS. As Plaintiff's claims have been fully satisfied for all claims asserted in the original Complaint, Plaintiff cannot now seek a second recovery for those very same claims.

While not even asserted in the Amended Complaint, the only plausible legal theory by which Plaintiff may attempt to assert a claim against CPS is a *respondeat superior* claim. This alleged vicarious liability allegation is found in Paragraph No. 29 of Plaintiff's Amended Complaint which states: "CPS placed or otherwise transferred the

5

Account to NAFS for collection from the Plaintiff." See, Plaintiff's Amended Complaint ¶ 29.

Even if Plaintiff has actually pleaded a claim that CPS is somehow vicariously liable for NAFS' conduct in this case, by resolving the claim against the putative agent (NAFS), Plaintiff cannot then seek a second recovery from the putative principle (CPS). As stated by the Court in Spector v. El Rancho, "[W]here, as here, the relations between the two parties are analogous to that of principal and agent, the rule is that a judgment in favor of either, in an action brought by a third party, rendered upon a ground equally applicable to both, is to be accepted as conclusive against plaintiff's right of action against the other." Spector v. El Rancho, Inc., 263 F.2d 143, 1959 U.S. App. LEXIS 4514 (9th Cir. 1959). See also, American National Bank and Trust Co. v. Columbus-Cuneo-Cabrini Med. Center, 154 Ill. 2d 347 , 609 N.E.2d 285, 289, 181 Ill. Dec. 917 (Ill. 1992) ("[A]ny settlement between the agent and the plaintiff must also extinguish the principal's vicarious liability"). In Lober v Moore, the Court wrote, in pertinentpart:

> Consequently it is settled that a judgment exonerating a servant or agent from liability bars a subsequent suit on the same cause of action against the master or principal based solely on *respondeat superior*. And conversely, it is the prevailing rule in the federal and state courts that a judgment excusing the master or principal from liability on the ground that the servant or agent was not at fault forecloses a subsequent suit against the latter on the same claim.

Lober v Moore, 417 F.2d 714, 717-718, 135 U.S. App. D.C. 146; 1969 U.S. App. LEXIS 13222.

In the case at bar, it is clear that upon a theory of *respondeat superior*, Plaintiff's Amended Complaint fails. Plaintiff has established no new cause of action against CPS. Therefore, Plaintiff's Amended Complaint must be dismissed with prejudice.

### C. In the Alternative, Plaintiff's Complaint Should be Dismissed for Lack of Subject Matter Jurisdiction.

Even assuming, a*rguendo*, that Plaintiff's Amended Complaint states a claim against CPS, Plaintiff's Amended Complaint lacks subject matter jurisdiction as Plaintiff's claims have been rendered moot.

The standard for reviewing a motion under Fed.R.Civ.P. 12(b)(1) depends on whether the defendant makes a "facial" or "factual" attack on the plaintiffs complaint. Paterson v. Weinberger, 644 F.2d 521, 523 (5th Cir. 1981). The defendant makes a "facial" attack by the mere filing of a Rule 12(b)(l) motion. Id. In that case, the trial court must look at the sufficiency of the allegations in the complaint, which are presumed to be true. Id.

The defendant makes a "factual" attack, on the other hand, by providing affidavits, testimony, or other existing materials challenging the jurisdiction of the court. Id. When a "factual" attack is made upon the complaint, the Plaintiff is not entitled merely to rely on the facial sufficiency of his allegations: "in short, no presumptive truthfulness attaches to plaintiffs allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990). (citations omitted).

In responding to a defendant's "factual" attack, the plaintiff is <u>required</u> to submit facts in support of jurisdiction, and has the burden of proving, by a preponderance of the evidence, that the trial court has subject matter jurisdiction over the claim. Middle South Energy, Inc. v. City of New Orleans, 800 F.2d 488, 490 (5th Cir. 1986). See also, Dunbar at 1528-29 (holding "factual" attacks challenge the "existence of subject matter

jurisdiction, irrespective of the pleadings, and matters outside the pleadings ... are considered"). The attack in this case is factual, meaning, the Plaintiff is now required to demonstrate that Defendant NAFS' Offer of Judgment did not make Plaintiff whole.

In this matter, CPS moves for dismissal of the claims in Plaintiff's Complaint under Fed.R.Civ.P. 12(b)(1), because there is no case or controversy under the Fair Debt Collection Practices Act (the "FDCPA") which presently *exists* between the parties. Plaintiff *has* accepted well in excess of *the maximum* damages recoverable, even if FDCPA violations existed. Accordingly, Plaintiff no longer has an ongoing controversy with the Defendant under that statute. Plaintiff can gain nothing greater by litigating his claims in Court under the FDCPA than he has already received. As such, Plaintiff no longer has a personal stake in the outcome of that portion of the lawsuit which gave the Court jurisdiction over this suit. Accordingly, as will be shown below, this Court should dismiss Plaintiff's Amended Complaint with prejudice for lack of subject matter jurisdiction.

> 1. <u>Statutory damages or "additional damages" are limited to one thousand dollars ($1000.00) per lawsuit. Plaintiff has accepted full satisfaction of his actual and statutory damages.</u>

15 U.S.C. §1692k(a)(1) provides for the recovery of "actual damages." NAFS offered, and Plaintiff accepted, one thousand five hundred and one dollars ($1,501.00) in its Offer of Judgment. The FDCPA provides that a debt collector may be liable "in the case of any action by an individual, [for] such additional damages as the court may allow, but not exceeding $1,000.00...." 15 U.S.C. §1692k(a)(2)(A). The plain language of the statute limits statutory damages or "additional damages" to one thousand dollars

($1,000.00) *per action.* The Fifth Circuit Court of Appeals has also held that a plaintiff's statutory damages recovery is limited to one thousand dollars ($1,000.00) per action. Peter v. GC Services, LP, 310 F.3d 344, 352 (5th Cir. 2002) (citing 15 U.S.C. §1692k). See also, Wright v. Finance Service of Norwalk, Inc., *22* F.3d 647, 650 (6th Cir. 1994) (same); Harper v. Better Business Serv., Inc., 961 F.2d 1561, 1563 (11th Cir. 1992) (same). As a result, NAFS' Offer of Judgment which the Plaintiff accepted in the sum of one thousand five hundred and one dollars ($1,501.00) exceeded Plaintiff's maximum potential recovery for statutory damages under the FDCPA. Plaintiff cannot recover any more from Defendant CPS. Plaintiff has been made whole.

## 2. No Case or Controversy exists between the parties

Article III of the United States Constitution limits the judicial authority of the federal court system to "Cases" and "Controversies." U.S. CONST. art. III, §2. "The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy," and "a federal court [lacks] the power to render advisory opinions," United States Nat'l Bank of Oregon v. Independent. Ins. Agents of America, 508 U.S. 439, 446 (1993) *(*citing Preiser v. Newkirk, 422 U.S. 395,401 (1975). If a federal court lacks subject matter jurisdiction over a cause of action, the court "shall dismiss the action." Fed.R.Civ.P. 12(h)(3). The requirement to have a "case or controversy" continues to exist throughout the entire litigation. To sustain jurisdiction, "the parties must continue to have a personal stake in the outcome of the lawsuit." Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990).

Fed.R.Civ.P. 68 permits a defendant to serve upon an adverse party an offer to allow judgment to be entered in favor of the Plaintiff. Fed.R.Civ.P. 68. A valid offer of

judgment that would satisfy plaintiff's entire claim for relief eliminates the controversy between the parties and leaves nothing for the court to resolve. Making such an offer effectively moots the action and removes jurisdiction. Weiss v. Regal Collections, 385 F.3d 337, 340 (3rd Cir. 2004).

In Alliance to End Repression v. City of Chicago, 820 F.2d 873, 878 (7th. Cir. 1987), the Court held that once the defendant offered the plaintiff all the relief he demands, the plaintiff may not refuse the offer and then go to trial. Because Plaintiff in this case has accepted well in excess of the maximum recoverable damages under the FDCPA, he no longer has an ongoing controversy. There is nothing further for Plaintiff to gain by continuing with this matter. Plaintiff no longer has a personal stake in the outcome of this lawsuit. As a result, jurisdiction of the claims cannot be sustained by Plaintiff and this Court should dismiss those claims for lack of subject matter jurisdiction.

### III.  CONCLUSION

Plaintiff asserted FDCPA claims against original Defendant NAFS.  Plaintiff's sole basis for alleged liability against subsequent Defendant CPS appears to a *respondeat superior* claim based upon CPS' act of transferring the underlying collection account to NAFS for collection.

Plaintiff was made whole for his claimed damages under the FDCPA when he accepted the Offer of Judgment.  As such, at the moment the Offer of Judgment was accepted, any potential FDCPA claims against CPS on the basis of a *respondeat superior* theory of liability were extinguished.  To hold otherwise would be to allow Plaintiff to recover twice for the exact same alleged injuries and conduct.

In addition, as Plaintiff has received well in excess of the maximum damages he may recover under the FDCPA, Plaintiff no longer has an ongoing case or controversy under the FDCPA.

For the foregoing reasons, Plaintiff's First Amended Complaint must be dismissed with prejudice pursuant to Fed.R.Civ.P. Rule 12(b)(6) for failure to state a claim upon which relief may be granted. In the alternative, Plaintiff's First Amended Complaint must be dismissed with prejudice pursuant to Fed.R.Civ.P. Rule 12(b)(1) due to a lack of subject matter jurisdiction.

WHEREFORE, Defendant respectfully requests that this Court enter an Order dismissing Plaintiff's Amended Complaint with prejudice pursuant to Fed.R.Civ.P. 12(b)(6), or in the alternative, Fed.R.Civ.P. 12(b)(1), and for such further relief as the Court deems proper.

Respectfully submitted this 20th day of August, 2009.

    Respectfully submitted,

    ADAM L. PLOTKIN, P.C.

By:   s/ Sara A. Green, Esq._____
    **Sara A. Green, Esq.**
    **Steve Wienczkowski, Esq.**
    621 Seventeenth Street, Suite 2425
    Denver, Colorado 80293
    Telephone: (303) 296-3566
    FAX: (303) 296-3544
    E-mail: sgreen@alp-pc.com
    Attorneys for Defendant

**Certificate of Service**

  I hereby certify that on August 20, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

  larsonlawoffice@gmail.com

            By: s/ Sara A. Green
               _____

               **Sara A. Green**
               621 Seventeenth Street, Suite 2425
               Denver, Colorado 80293
               Telephone: (303) 296-3566
               FAX: (303) 296-3544
               E-mail: sgreen@alp-pc.com
               Attorneys for Defendants