**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 09-cv-00677-PAB-MJW

ALLEN NELSON,

       Plaintiff,

v.

NATIONAL ACTION FINANCIAL SERVICES, INC., a Georgia corporation, and, CAVALRY PORTFOLIO SERVICES, LLC, a Delaware limited liability company,

       Defendants.

---

**PLAINTIFF'S RESPONSE TO DEFENDANT CAVALRY PORTFOLIO SERVICES, LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(6) OR, IN THE ALTERNATIVE, FED.R.CIV.P. 12(b)(1)**

---

COMES NOW the Plaintiff, by and through his counsel, David M. Larson, and hereby files this Response to Defendant Cavalry Portfolio Services, LLC's Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(6) or in the alternative, Fed.R.Civ.P. 12(b)(1). In support of this response, the Plaintiff states as follows:

1.    Defendant Cavalry Portfolio Services, LLC's (hereinafter "CPS") Motion makes several faulty arguments regarding the Judgment being entered by the Court for the Plaintiff and against Defendant National Action Financial Services, Inc. (hereinafter "NAFS") as a basis for the Court to grant its Motion.

2.    CPS's Motion fails to completely address the terms of NAFS's Fed.R.Civ.P. 68 Offer of Judgment that was accepted by the Plaintiff and reduced to Judgment on the

terms as set forth in the Offer of Judgment by the Court in favor of the Plaintiff and against NAFS.

3. The portion of NAFS's Offer of Judgment Pursuant to Fed.R.Civ.P. 68 that is relevant to these arguments by CPS is numbered paragraph 3 which states:

> The judgment entered in accordance with this Offer of Judgment is to be in total settlement of any and all claims **by Plaintiff Allen Nelson against NAFS and its employees** and said judgment **shall have no effect whatsoever except in settlement of those claims**; and, *(Emphasis Added)*, (Court Docket Entry # 22-2)

4. CPS cites Fed.R.Civ.P. 12(b)(6) and 12(b)(1) as the basis for its Motion.

## LEGAL STANDARD

5. The Standard for a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is that the Court "must accept all the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff." <u>David v. City and County of Denver</u>, 101 F.3d 1344, 1352 (10th Cir. 1996). The only grounds for the Court to dismiss a complaint pursuant to Fed.R.Civ.P. 12(b)(6) is "if the plaintiff can prove no set of facts to support a claim for relief." <u>David</u>, 101 F.3d at 1352.

## ARGUMENT

6. CPS's introduction makes it appear that NAFS made the Offer of Judgment before it was aware that the Plaintiff intended to file a Motion to Amend the Complaint which included adding CPS to the action as a Defendant.

7. The Defendant asserts that NAFS made its Offer of Judgment on July 10, 2009 and that four days later the Plaintiff filed his First Amended Complaint and Jury Demand on July 14, 2009.

8.  The reality is that Plaintiff's counsel sent NAFS's counsel, Sara A. Green, Esq., who also represents the CPS, an email on Friday, July 10, 2009 at 10:56 am stating:

> Sara,
> I intend to file the attached Amended Complaint and Jury Demand and the referenced Exhibits A and B with the Court. Please let me know today if NAFS will be objecting to my Motion to Amend the Complaint as I want to get it filed so we can get CPS served. Let me know. Thanks. (Email attached as **Exhibit 1**)

9.  NAFS's counsel sent Plaintiff's counsel NAFS's Offer of Judgment via email on July 10, 2009 at 3:43 pm. (Email attached as **Exhibit 2**)

10. NAFS's counsel sent Plaintiff's counsel another email regarding NAFS's position on the Amended Complaint and Jury Demand one minute later on July 10, 2009 at 3:44 pm. (Email attached as **Exhibit 3**)

11. NAFS and its counsel, who is now also CPS's counsel, were fully aware that the Plaintiff intended to pursue CPS as a Defendant in this case before NAFS made its Offer of Judgment as approximately 5 hours elapsed between when NAFS's counsel received the proposed Amended Complaint and Jury Demand and when NAFS made its Offer of Judgment that was accepted by the Plaintiff.

12. CPS's Motion incorrectly states that the Amended Complaint does not state a specific cause of action as to CPS. The Plaintiff states a cause of action against CPS in paragraph 207 which states: "CPS has derivative liability for the acts and omissions of NAFS."

13. CPS's Motion incorrectly states that the Plaintiff has accepted judgment in full satisfaction of the very same claims that were asserted against Defendant NAFS and seeks to continue the matter as against CPS.

14. NAFS's Offer of Judgment accepted by the Plaintiff does not contain any language regarding "full satisfaction" of the Plaintiff's claims and contains completely contrary language by limiting the Judgment to be in "total settlement of any and all claims by Plaintiff Allen Nelson against NAFS and its employees and said judgment shall have no effect whatsoever except in settlement of those claims,"

15. The plain language of NAFS's Offer of Judgment that the judgment shall have no effect whatsoever except in settlement of the claims by the Plaintiff against NAFS clearly means that the Judgment does not have any effect on CPS's liability to the Plaintiff in this action.

16. NAFS was on notice and CPS is aware via its counsel that the Plaintiff was seeking $20,000.00 in actual damages, $1,000.00 in statutory damages and reasonable attorney's fees and Court costs in this case (Court Ordered Scheduling Order, Court Docket Entry # 15, paragraph 5 "Computation of Damages")

17. CPS provides no basis for its argument that the Plaintiff accepting NAFS's Offer of Judgment of $1,501.00 plus reasonable attorney's fees and costs somehow is "full satisfaction" of the $21,000.00 in statutory damages and actual damages plus reasonable attorney's fees and costs that the Plaintiff is seeking in this matter.

18. CPS provides no basis for its argument that the Plaintiff has been made whole for any alleged violations by accepting the full amount that he can recover in this case by accepting the Offer of Judgment. CPS's arguments have no merit when the NAFS's Offer of Judgment provided for $1,501.00 of the Plaintiff's claimed damages of $21,000.00 and could only have merit if NAFS's Offer of Judgment provided for

$21,000.00 in damages plus reasonable attorney's fees and costs which was not the case.

19.     CPS asserts that the Plaintiff cannot recover twice for the same injuries and that the Plaintiff is seeking a double recovery for those same injuries and conduct which does not address what the Plaintiff is doing in this case. The Plaintiff is not seeking a double recovery. The Plaintiff was not made whole by NAFS's Offer of Judgment and is seeking the difference from CPS. CPS's arguments have no merit when the NAFS's Offer of Judgment provided for $1,501.00 of the Plaintiff's claimed damages of $21,000.00.

20.     CPS's cites several cases for its argument that the Plaintiff cannot get a double recovery for the same alleged injuries and conduct. CPS actually argues that the Plaintiff cannot recover twice but cites cases that refer to a recovering twice as a double recovery or recovering the full amount alleged twice.

21.     CPS cites no caselaw and provides no basis to support its argument that a Plaintiff cannot recover from more than one defendant to achieve full satisfaction of the Plaintiff's claims.

22.     CPS cites several cases for its erroneous argument that the Plaintiff cannot succeed on his derivative liability / vicarious liability claim.

23.     None of the cases cited by CPS to support its arguments are applicable to this case for several reasons including that the cases cited are not analogous to this case as they do not involve the same unusual facts, issues or the language in NAFS's Offer of Judgment as in this case.

24. None of the cases cited by CPS address the issue in the current case which consists of a Plaintiff accepting a Fed.R.Civ.P. 68 Offer of Judgment for less than his alleged damages against one of two Defendants with language in the Offer of Judgment that specifically limits the effect of the Judgment to the settlement of the claims of the Plaintiff against the Defendant who made the Offer of Judgment.

25. CPS's arguments regarding the Plaintiff recovering twice and seeking a double or second recovery from CPS would only have merit if NAFS's Offer of Judgment had been for $21,000.00 plus reasonable attorney's fees and costs which was not the case.

26. CPS's argument that the Plaintiff has already recovered more than the maximum amount of damages under the FDCPA and that as a result the Plaintiff's claims are moot and there is no case or controversy at issue between the parties is completely without merit and frivolous as it is based upon CPS's argument that the FDCPA only provides for statutory damages of up to $1,000.00 when the FDCPA clearly provides for any actual damages and statutory damages not exceeding $1,000.00. 15 U.S.C. § 1692k(a)(1) and k(2)(A).

27. CPS incorrectly asserts that the Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1).

28. CPS cites the cases that address the standard of review for the Court when reviewing a motion under Fed.R.Civ.P. 12(b)(1) and how the standard depends on whether the defendant makes a "facial" or "factual" attack on the complaint citing Paterson v. Weinberger, 644 F.2d 521, 523 (5th Cir. 1981).

29. CPS cites the <u>Paterson v. Weinberger</u> case as holding that if the Defendant makes a "facial attack" that "the trial court is required merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true. If those jurisdictional allegations are sufficient the complaint stands." <u>Id.</u>

30. CPS cites the <u>Paterson v. Weinberger</u> case as holding that:

If the Defendant makes a "factual attack" upon the court's subject matter jurisdiction over the lawsuit the defendant submits affidavits, testimony, or other evidentiary materials. In the latter case a plaintiff is also required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction. <u>Id.</u>

31. CPS's Motion states that the attack is factual but does not provide any affidavits, testimony, or other evidentiary materials as required in a "factual attack" under the standard for a "factual attack" in the <u>Paterson v. Weinberger</u> case.

32. Despite CPS's assertions in the Motion its alleged "factual attack" is actually a "facial attack" and the Court must look to the sufficiency of the allegations in the complaint which are presumed to be true.

33. The Plaintiff's jurisdictional allegations when presumed to be true by the Court are sufficient for the Court to deny CPS's Motion to Dismiss under Fed.R.Civ.P. 12(b)(1).

34. CPS improperly asserts that there is no case or controversy under the FDCPA because the Plaintiff has accepted well in excess of the maximum damages recoverable even if Plaintiff could prove FDCPA violations.

35. CPS correctly states that 15 USC § 1692k(a)(1) provides for recovery of actual

Damages and that the FDCPA provides that a debt collector may be liable for additional damages not exceeding $1,000.00 and cites to 15 USC § 1692k(a)(2)(A).

36. CPS then with no basis argues that because the plain language of the statute limits statutory damages to $1,000.00 per action that NAFS's Offer of Judgment accepted by the Plaintiff in the amount of $1,501.00 (plus reasonable attorney's fees and costs) exceeded the maximum potential recovery for statutory damages under the FDCPA, that the Plaintiff cannot recover any more from CPS as the Plaintiff has been made whole.

37. CPS cites cases to support the $1,000.00 statutory damages per action limitation but provides no cases or basis for its argument that the Plaintiff cannot recover actual damages or for the incorrect assumption underlying its argument that actual damages are limited under the FDCPA which is contrary to the plain language of the statute.

38. It is inconceivable how CPS expects the Court to accept its argument that the Plaintiff has been made whole and cannot recover anymore from CPS when he is seeking $1,000.00 in statutory damages and $20,000.00 actual damages plus reasonable attorney's fees and costs and NAFS's Offer of Judgment was for $1,501.00 and limited the effect of the Offer of Judgment to settlement of the claims by the Plaintiff against NAFS.

39. CPS's argument also makes an incorrect assumption without any basis when it argues that the Plaintiff has received the maximum statutory damages of $1,000.00 because NAFS's Offer of Judgment was for $1,501.00 plus reasonable attorney's fees and costs. Nowhere in NAFS's Offer of Judgment does the Offer address if the

$1,501.00 is for statutory damages or actual damages. CPS has no basis to ask the Court to determine that the $1,501.00 Judgment received by the Plaintiff against CPS is allotted to $1,000.00 for statutory damages and $501.00 for actual damages as the Offer of Judgment is silent on the issue.

40. The two cases cited by CPS for the proposition that NAFS's Offer of Judgment eliminates the controversy between the parties, leaves nothing for the Court to resolve and that the Plaintiff no longer has a personal stake in the outcome of this lawsuit are not applicable to this case as both cases refer to situations in which the Offer of Judgment would satisfy the Plaintiff's entire claim and / or all the relief the Plaintiff demands. In this case NAFS's Offer of Judgment did not satisfy the Plaintiff's entire claim and / or all the relief that the Plaintiff demands and in fact limited the Judgments effect to settling claims against NAFS.

41. None of the cases cited by the Defendant require the Court to grant the Defendant's Motion.

42. The Defendant has not met the standard set in Fed.R.Civ.P. 12(b)(6) or 12(b)(1) for the Court to Dismiss the Complaint as requested by the Defendant as the Defendant has not met the standards required for the Court to dismiss the Complaint and the Court when accepting the well pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff cannot find that the Plaintiff can prove no set of facts to support a claim for relief.

**WHEREFORE** the Plaintiff prays that the Court deny Defendant Cavalry Portfolio Services, LLC's Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(6) or in the alternative, Fed.R.Civ.P. 12(b)(1) because the Defendant has not met the standard required by Fed.R.Civ.P. 12(b)(1) and Fed.R.Civ.P. 12(b)(6) and the cases interpreting the Rule and for other relief as determined by the Court.

RESPECTFULLY submitted this 9th day of September, 2009.

    _s/ David M. Larson_____
David M. Larson, Esq.
405 S. Cascade Avenue Ste 305
Colorado Springs, CO 80903
(719) 473-0006
Attorney for the Plaintiff

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of September, 2009, I filed the foregoing Plaintiff's Response to Defendant Cavalry Portfolio Services, LLC's Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(6) or in the alternative, Fed.R.Civ.P. 12(b)(1) with the Clerk of the Court's CM-ECF System which will send notice of this filing to the following email addresses:

sgreen@alp-pc.com

    ____s/ David M. Larson_____