IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-00677-PAB-MJW

ALLEN NELSON,

       Plaintiff,

v.

NATIONAL ACTION FINANCIAL SERVICES, INC., a Georgia corporation, and CAVALRY PORTFOLIO SERVICES, INC., a Delaware limited liability company,

       Defendants.

## DEFENDANT CAVALRY PORTFOLIO SERVICES, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. RULE 12(b)(1)

COMES NOW the Defendant Cavalry Portfolio Services, LLC (the "Defendant" or "CPS"), by and through its counsel of record, and submits its Reply In Support of Defendant's Motion to Dismiss the First Amended Complaint of Allen Nelson ("Plaintiff") pursuant to Fed.R.Civ.P. 12(b)(1).

### I. INTRODUCTION

The main arguments Plaintiff states in his Response to Defendant's Motion to Dismiss (Plaintiff's "Response," Docket Entry No. 35), can appropriately be summarized as follows: (1) CPS had prior knowledge that Plaintiff was going to amend his Complaint; and (2) that Defendant National Action Financial Services' ("NAFS") NAFS' Offer of Judgment did not make Plaintiff whole because Plaintiff alleges his actual damages are $21,000.00. Plaintiff's first argument is completely irrelevant to the specific issues addressed in CPS's Motion and the latter argument, upon which Plaintiff provides no evidence in support of, does not in any way avoid the simple fact that Plaintiff is

seeking to recover twice for the exact same conduct for which Plaintiff was made whole by his acceptance of the Offer of Judgment tendered by NAFS.

As Plaintiff is clearly seeking an impermissible double recovery for the exact same injury and the exact same alleged conduct for which Plaintiff already settled against the alleged putative agent of CPS, Defendant NAFS, Plaintiff's Amended Complaint must be dismissed.  In addition, and alternatively, Plaintiff's case must be dismissed because even assuming, *arguendo*, CPS were found liable, Plaintiff has been offered and has accepted an amount well in excess of the maximum recoverable damages under the FDCPA. Accordingly, there is no longer a case or controversy before the Court under the FDCPA. Therefore, Defendant respectfully requests this Court dismiss Plaintiff's First Amended Complaint with prejudice.

## II. AS PLAINTIFF'S ONLY THEORY OF LIABILITY AGAINST CPS IS VICARIOUS LIABILITY, PLAINTIFF'S CLAIM AGAINST CPS MUST BE DISMISSED.

Plaintiff concedes that the only cause of action against CPS is his allegation that "CPS has derivative liability for the acts and omissions of NAFS." See, Response ¶ 12. Thus, by his own admission, Plaintiff is seeking recovery from CPS for the ***exact same*** claims he alleged against NAFS, for which Plaintiff settled in full satisfaction. The Offer of Judgment explicitly states that the settlement was "in total settlement of any and all **claims** by Plaintiff Allen Nelson against NAFS...". See, Acceptance of Offer of Judgment, Docket Entry No. 22 (emphasis added). As Plaintiff cites no additional allegations against CPS, it is clear that Plaintiff is simply seeking double recovery for the exact same claims Plaintiff settled in full with NAFS. The authority cited by CPS in its Motion clearly stands for the proposition that such double recovery is impermissible. In

2

contrast, Plaintiff's Response is devoid of <u>any</u> authority to support his attempts to recover against CPS for the exact same claims and allegations he already settled against Defendant NAFS. Rather, Plaintiff broadly states:

> None of the cases cited by CPS to support its arguments are applicable to this case for several reasons including that the cases cited are not analogous to this case as they do not involve the same unusual facts, issues or the language in the NAFS's Offer of Judgment as in this case.

<u>See</u>, Plaintiff's Response, ¶ 23

The point completely missed by Plaintiff is that, irrespective of the fact that he alleges an additional damage sum against CPS (without producing any evidence whatsoever that his damages are in excess of the amount recovered from NAFS), by Plaintiff's own admission, Plaintiff's only claim against CPS is a vicarious liability claim. It is undisputed that <u>all</u> claims against NAFS were expressly settled via the Offer of Judgment. As set forth in CPS's Motion, where, as here, the claim is a vicarious liability claim "…any settlement between the agent and the plaintiff must also extinguish the principal's vicarious liability." <u>American National Bank & Trust Co. v. Columbus-Cuneo-Cabrini Medical Center</u>, 154 Ill. 2d 347, 348, 609 N.E.2d 285, 286 (1992). <u>See also</u>, <u>In re Global Crossing, Ltd. Sec. Litig</u>., 471 F. Supp. 2d 338  2006 U.S. Dist. LEXIS 39030 (S.D.N.Y. 2006) (finding settlement of an employee extinguishes liability of employer when theory of liability is respondeat superior), <u>Copeland v. Humana of Ky., Inc.</u>, 769 S.W. 2d 67, 70 (Ky. App. 1989) (holding that settlement of the tortfeasor removes any basis for any additional recovery from the principal based upon the same acts).

Plaintiff concedes that the <u>only</u> theory of liability against CPS is for the exact same claims Plaintiff already settled against NAFS. Thus, Plaintiff was made whole by

the acceptance of the Offer of Judgment, and his agreement that the acceptance of the Offer of Judgment precludes any subsequent recovery for those same claims.

### III.    PLAINTIFF'S CLAIMS ARE MOOT

#### A. PLAINTIFF ACCEPTED AN OFFER OF JUDGMENT FOR MORE THAN THE FULL DAMAGES HE WOULD BE ENTITLED TO RECOVER UNDER THE FDCPA IF A VIOLATION WERE FOUND TO EXIST.

The FDCPA allows a successful plaintiff to recover "any actual damages sustained" as a result of the debt collector's violation of the FDCPA, as well as "such additional damages as the court may allow, but not exceeding $1,000.00, and "the costs of the action, together with a reasonable attorney's fee determined by the court." 15 U.S.C. § 1692k(a)(1), (2)(A), (3). NAFS offered Plaintiff $1,501.00, plus costs and reasonable attorney's fees. A valid offer of judgment that would satisfy plaintiff's entire claim for relief eliminates the controversy between the parties and leaves nothing for the court to resolve. Making such an offer effectively moots the action and removes jurisdiction. <u>Weiss v. Regal Collections</u>, 385 F.3d 337, 340 (3rd Cir. 2004).

As stated above, Plaintiff has not met his burden of proving, by a preponderance of the evidence, that his actual damages could have exceeded the Offer of Judgment. CPS submits that NAFS offer of $1,501.00 is more than the full recovery Plaintiff could obtain if he won a judgment in his favor if this case were fully litigated.

Contrary to Plaintiff's assertion in his Response that NAFS' Offer of Judgment only provided for a small amount of his alleged, and completely speculative, actual damages, NAFS did in fact tender a valid Fed.R.Civ.P 68 Offer of Judgment that offered Plaintiff complete and full relief. Plaintiff accepted the Offer of Judgment as settlement of all his claims.

### B. Plaintiff has offered nothing to Establish jurisdiction and, therefore the Court must presume the lack of jurisdiction.

CPS's Motion was filed, in part, under Fed. R. Civ. P.12(b)(1). The basis of CPS's argument is quite simple: Defendant NAFS tendered an Offer of Judgment beyond the maximum amount Plaintiff could recover at trial, and because Plaintiff accepted it, there is no longer a case or controversy before the Court. Therefore, the Court lacks subject matter jurisdiction. To clarify, CPS' Motion is not a "facial attack" upon the Complaint. Rather, the Motion is a "factual" attack upon Plaintiff's individual Complaint. See, Dellarussiani v. Ed Donnelly Enters., Inc., No. 2:07-Cv-00253, 2007 WL 3025340, at 3 (S.D. Ohio Oct. 15, 2007) ("Defendants' motion to dismiss is based on the lack of case or controversy resulting from the Defendants' Offer of Judgment. Such a motion is a 'factual attack.'").

When a challenge to the jurisdiction of the Court is made as a factual matter, the party who is invoking the jurisdiction of the Court has the burden of supporting the allegations of jurisdictional fact by competent proof. Grafon v. Hausermann, 602 F.2d 781 (7th Cir. 1979). Thus, the Plaintiff bears the burden of proving jurisdiction does in fact exist. Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5ht Cir. 1980). By making a factual attack on the subject matter jurisdiction in the context of a Fed.R.Civ.P. 12(b)(1) motion, the Defendant shifts the burden to the Plaintiff to prove by a preponderance of the evidence that the Court has subject matter jurisdiction. Bradley v. United States Dep't of Commerce, Patent & Trademark Office, 598 F. Supp 38 (N.D. Tex. 1984) aff'd 750 F.2d 66 (5th Cir. 1984). In fact, the Court presumes a lack of jurisdiction. Kootenai Canyon Ranch, Inc. v. United States Forest Serv., 338 F. Supp.2d 1129 (D.C. Mont. 2004). As such, Plaintiff is "required to submit facts through some

evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction." Patterson v. Weinberger, 644 F.2d 521, 523 (5th Cir. 1981).

Plaintiff has the burden of proving jurisdiction because CPS asserted a "factual attack" and Plaintiff has failed to carry his burden of proof. See, Tallon v. Lloyd & McDaniel, 497 F. Supp. 2d 847, 850-51 (W.D. Ky. 2007) (ruling that offer of judgment provided complete relief despite claim of emotional distress because plaintiff's conclusory affidavit was insufficient to establish such damages). See, Rollins v. Sys. Integration, Inc., No. 4:05-CV-408-Y, 2006 WL 3486781, at 3 (N.S. Tex. Dec. 4, 2006) (granting Rule 12(b)(1) motion to dismiss where plaintiff failed to meet his burden of demonstrating that Rule 68 offer of judgment would not fully compensate). As Plaintiff has completely failed to submit any evidence to establish jurisdiction, Plaintiff has not met his required burden and, accordingly, his First Amended Complaint must be dismissed.

### C. PLAINTIFF'S ACCEPTANCE OF THE OFFER OF JUDGMENT WAS IN FULL SATISFACTION OF ALL CLAIMS.

The accepted Offer of Judgment was for $1,501.00 in damages plus reasonable attorney's fees and costs. The FDCPA caps statutory damages at $1,000.00. Thus, as extensively briefed in CPS's Motion, there is no question that the statutory claims are rendered moot. Once a case is moot, there is no longer a case or controversy and there is no justiciable claim. While there is no cap on actual damages under the FDCPA, the amount accepted was more than enough to compensate Plaintiff. Plaintiff accepted the Offer of Judgment in full satisfaction of his claims, and Plaintiff's Response is devoid of any evidence of additional damages, and therefore remain purely speculative. In fact,

Plaintiff fails to cite a single case for any of his arguments. Further Plaintiff does not provide this Court with any evidence of any remaining damages, other than a blanket reiteration that he has alleged damages of $21,000.00. If Plaintiff himself cannot articulate any damages, clearly the accepted Offer of Judgment is in excess of the damages he could recover at trial.

In fact, Plaintiff does not offer <u>any</u> evidence of damages at all. Rather, all Plaintiff submitted was a Response making the conclusory statement that he sustained actual damages. Based upon this lack of evidence, Plaintiff has completely failed to meet his burden by proving, beyond a preponderance of the evidence, that his actual damages exceeded the $1,501.00 plus costs and attorneys' fees that Plaintiff accepted from NAFS. Plaintiff failed to rebut the presumption of lack of jurisdiction. Therefore, the Court should dismiss the Complaint.

"Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under Fed.R.Civ.P. 12(b)(l), because he has no remaining stake." <u>Holstein v. City of Chicago</u>, 29 F.3d 1145, L 146 (7th Cir. 1994). "Under traditional mootness principles, an offer for the entirety of a plaintiff's claim will generally moot the claim." <u>Weiss</u>, 385 F.3d at 342.

Since Plaintiff no longer has a personal stake in the outcome of that portion of his lawsuit, and the Court lacks subject matter jurisdiction over the FDCPA claims, the Court should dismiss Plaintiff's FDCPA allegations with prejudice for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(l).

## IV. CONCLUSION

Plaintiff admits that the <u>only</u> theory of liability against CPS is vicarious liability for the exact claims Plaintiff asserted against NAFS. It is undisputed that Plaintiff accepted the Offer of Judgment tendered by NAFS and thereby released all claims asserted by Plaintiff. It is settled law that Plaintiff may not recover against a putative principal when the claims against the putative agent have been settled. Plaintiff is clearly seeking a double recovery for the very same claims for which Plaintiff has been made whole. Further, Plaintiff's claims have been rendered moot by the acceptance of an Offer of Judgment well in excess of the maximum Plaintiff could recover at trial. Therefore, this Court lacks subject matter jurisdiction over Plaintiff's claims.

Accordingly, CPS respectfully requests that this Court dismiss Plaintiff's First Amended Complaint with prejudice.

DATED this 18th day of September, 2009.

Respectfully submitted,

ADAM L. PLOTKIN, P.C.

s/ Sara A. Green

By: _____

**Adam L. Plotkin**
**Sara A. Green**
621 Seventeenth Street, Suite 2425
Denver, Colorado 80293
Telephone: (303) 296-3566
FAX: (303) 296-3544

## Certificate of Service

The undersigned hereby certifies that a true and correct copy of the foregoing **Defendant's Offer of Judgment Pursuant to Fed.R.Civ.P. 68,** was served this 18th day of September, 2009, by facsimile, and by placing same in the United States Mail, first-class postage prepaid, addressed to:

David M. Larson, Esq.
405 S. Cascade Avenue, Suite 305
Colorado Springs, CO 80903
Facsimile: 719-473-6196

By: **s/ Sara A. Green**
Sara A. Green