IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 09-cv-00677-PAB-MJW

ALLEN NELSON,

    Plaintiff,

v.

CAVALRY PORTFOLIO SERVICES, LLC, a Delaware limited liability company,

    Defendant.

---

**ORDER**

---

    This case, brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692-1692p (2006), comes before the Court on defendant Cavalry Portfolio Services, LLC's ("Cavalry") motion to dismiss [Docket No. 31]. The Court's subject-matter jurisdiction is proper under 28 U.S.C. § 1331 due to the presence of a federal question.

    On March 26, 2009, plaintiff Allen Nelson filed a complaint with this Court against a single defendant, National Action Financial Services, Inc. ("National Action"), alleging that National Action had violated the FDCPA by using unlawful means to collect a purported debt from plaintiff. On July 10, 2009, National Action served plaintiff with an offer of judgment. *See* Pl.'s Notice of Acceptance of Def. National Action Financial Services, Inc.'s Offer of J. Pursuant to Fed.R.Civ.P. 68 [Docket No. 22], ex. 1. On July 21, 2009, plaintiff accepted National Action's offer of judgment [Docket No. 22] and

judgment first entered in favor of plaintiff on August 6, 2009 [Docket No. 28].[1]  On October 14, 2009, plaintiff filed a notice informing the Court that the judgment against National Action had been satisfied [Docket No. 40].

On July 14, 2009, in the interim between National Action's offer and Mr. Nelson's acceptance of judgment, Mr. Nelson filed an amended complaint.  *See* First Am. Compl. and Jury Demand [Docket No. 20] ("Am. Compl.").  The amended complaint reiterated the claim against National Action and added Cavalry as a defendant.  The amended complaint contains only a smattering of allegations specifically addressing Cavalry.  However, relevant to the present motion, Mr. Nelson avers that Cavalry is a "debt collector," as the FDCPA defines that term.  Am. Compl. ¶ 17.  Mr. Nelson's amended complaint also alleges that Cavalry, after purchasing the purported debt at issue, hired National Action to collect it.  Am. Compl. ¶ 28.  According to plaintiff, Cavalry "has derivative liability for the acts and omissions of [National Action]."  Am. Compl. ¶ 207.

On August 20, 2009, Cavalry filed a motion to dismiss Mr. Nelson's first amended complaint, citing Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1).  *See* Def. Cavalry Portfolio Services, LLC's Mot. to Dismiss Pl.'s First Am. Compl. Pursuant to Fed.R.Civ.P. 12(b)(6) or, in the Alternative, Fed.R.Civ.P. 12(b)(1) [Docket No. 31]. Mr. Nelson filed a response [Docket No. 35], to which Cavalry filed a reply [Docket No. 37].  The motion is fully briefed and ripe for review.

---

[1] The Court entered an amended judgment at Mr. Nelson and National Action's request on August 31, 2009 [Docket No. 34].

In its motion to dismiss, Cavalry advances a number of arguments for why it is entitled to dismissal. The thrust of each argument is that, because Cavalry's alleged liability is derivative in nature, once plaintiff accepted National Action's offer of judgment, he could no longer seek additional relief from Cavalry. Cavalry's arguments raise what is the dispositive issue in this case, namely, that once a third party obtains and satisfies a judgment against an agent, the third party may not pursue identical claims against the principal under a theory of respondeat superior. *See* Restatement (Second) of Agency § 217B (1958); *see also Dell v. Heard*, 532 F.2d 1330, 1333 n.1 (10th Cir. 1976) ("[A] second suit against the master or the servant generally has been disallowed in the context where the prior action against the master or servant resulted in a collectible or satisfied judgment for the injured party.").

Several courts have held that a principal, which itself qualifies as a "debt collector" under 15 U.S.C. § 1692a(6), may be vicariously liable under the FDCPA for the collection practices of its agents. *See, e.g.*, *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 404 (3d Cir. 2000) ("[A]n entity which itself meets the definition of 'debt collector' may be held vicariously liable for unlawful collection activities carried out by another on its behalf."). Furthermore, a plaintiff generally may join both an agent and a principal in a single action regarding the wrongful conduct of the agent. *See* Restatement (Second) of Agency § 217B (1958) ("Principal and agent can be joined in an action for a wrong resulting from the tortious conduct of an agent . . . , and a judgment can be rendered against each."). However, such a case cannot result in inconsistent judgments against the agent and the vicariously-liable principal. *See* Restatement (Second) of Agency § 217B (1958) ("If the action is based solely upon the

tortious conduct of the agent, judgments on the merits for the agent and against the principal, or judgments of varying amounts for compensatory damages are erroneous."); *see also Spector v. El Ranco, Inc.*, 263 F.2d 143, 145 (9th Cir. 1959).

The rationale behind this rule is that it would be logically inconsistent to impose greater or lesser liability on the principal than on the agent when the principal's liability is based solely on the acts of the agent. *See* Restatement (Second) of Agency § 217B cmt. c (1958). In further support of this principle, a contrary rule could result in double recovery to a plaintiff or in double liability to a defendant. A plaintiff like Mr. Nelson, who has obtained a judgment against an agent, has reduced the value of his claim to a monetary amount. Allowing such a plaintiff to proceed against the principal on the same exact claim would amount to double recovery.

Furthermore, indemnification duties between an agent and a principal could result in double payment. Using the present case as an example, Cavalry will be liable to plaintiff for any judgment plaintiff may obtain directly against Cavalry on the vicarious liability claim. Cavalry, however, as the putative principal of National Action, may also owe indemnification to National Action for the earlier judgment. *See* Restatement (Second) of Agency §§ 438, 439 (1958). In the reverse, National Action, which already disposed of Mr. Nelson's claim against it through the July 10, 2009 offer of judgment, could potentially face additional liability. Under agency principles, National Action may be required to indemnify Cavalry for any judgment that Mr. Nelson obtains against Cavalry based upon Cavalry's vicarious liability for National Action's actions. *See* Restatement (Second) of Agency §§ 401 cmt. a, 438 (1958).

After Mr. Nelson joined Cavalry as a defendant in this case, Mr. Nelson accepted National Action's offer of judgment, judgment entered in plaintiff's favor, and National Action satisfied that judgment. Plaintiff argues that he settled with National Action for only part of his actual damages, intending to recover the rest from Cavalry. However, courts have treated judgments resulting from offers of judgment under Rule 68 the same as final judgments which result from merits-based adjudications. *See, e.g.*, *Wilkes v. Wyoming Dep't of Employment Div. of Labor Standards*, 314 F.3d 501, 503 (10th Cir. 2002) (recognizing preclusive effect of judgment obtained through offer of judgment). The Court can think of no reason why an offer of judgment should be treated any differently for purposes of the present motion.

Plaintiff's only claim against Cavalry is based on Cavalry's alleged vicarious liability for the acts of National Action. Plaintiff does not contend that Cavalry independently violated the FDCPA or some other law which would expose it to liability. *Cf.* Restatement (Second) of Agency § 217B cmt. d (1958) (inconsistent judgments can enter against a principal and an agent "[i]f there is an independent ground for finding the principal liable"). Therefore, under the principles of agency law, Mr. Nelson may not obtain a judgment against Cavalry that is inconsistent with the judgment he obtained and collected from National Action. Because he seeks to do just that, Mr. Nelson's claim against Cavalry must be dismissed as moot.

"[T]o be cognizable, a suit must be "a real and specific controversy admitting of specific relief through a decree of a conclusive character." *Southern Utah Wilderness Alliance v. Smith*, 110 F.3d 724, 727 (10th Cir. 1997) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)). "A case is moot if a court can no longer grant effective relief as

a practical matter." *The Wilderness Society v. Kane County, Utah*, 581 F.3d 1198, 1214 (10th Cir. 2009). Here, as a matter of law, and based upon subsequent factual developments in this case, the Court can longer grant the relief Mr. Nelson seeks against Cavalry and, therefore, plaintiff's claim against Cavalry is moot. Therefore, it is

**ORDERED** that defendant Cavalry Portfolio Services, LLC's motion to dismiss [Docket No. 31] is GRANTED to the extent that it raises the issues discussed above. Plaintiff Allen Nelson's complaint against defendant Cavalry Portfolio Services, LLC is DISMISSED. It is further

**ORDERED** that the clerk shall forthwith enter judgment in favor of defendant Cavalry Portfolio Services, LLC and against plaintiff Allen Nelson.

DATED March 24, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge